1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CYNTHIA MARIE OTTEM,                 Case No.  1:24-cv-00412-JLT-BAM

12              Plaintiff,

                                         **FINDINGS AND RECOMMENDATIONS
13       v.                              REGARDING PLAINTIFF'S MOTION FOR
                                         SUMMARY JUDGMENT**
14  FRANK BISIGNANO, Acting
    Commissioner of Social Security,[1]
15                                       (Docs. 11, 14, 15)
              Defendant.
16

17

18

19                           **<u>INTRODUCTION</u>**

20        Plaintiff Cynthia Marie Ottem ("Plaintiff") seeks judicial review of a final decision of the

21  Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance

22  Benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI

23  of the Social Security Act.  The parties' briefing on the motion was submitted, without oral argument,

24  to Magistrate Judge Barbara A. McAuliffe for findings and recommendations.  (Docs. 11, 14, 15.)

25  Having considered the parties' briefs, along with the entire record in this case, the Court finds that the

26

27  _____
    [1] Frank Bisignano became the Acting Commissioner of Social Security in May 2025.  Pursuant to
28  Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted for Martin O'Malley
    as Defendant in this suit.

                                         1

decision of the Administrative Law Judge ("ALJ") was not supported by substantial evidence in the record and was not based upon proper legal standards. Accordingly, this Court will recommend reversing the agency's determination to deny benefits.

## **FACTS AND PRIOR PROCEEDINGS**

Plaintiff applied for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income on January 26, 2021, alleging that she became disabled on June 8, 2013. AR 321-341.[2] The claim was denied initially on May 18, 2021 (AR 207-216) and on reconsideration on September 29, 2021. AR 207-216, 224-234. Plaintiff requested a hearing before an administrative law judge ("ALJ") and ALJ Charlie M. Johnson held a hearing on February 11, 2021. AR 78-109. ALJ Johnson issued an order denying benefits on the basis that Plaintiff was not disabled on January 16, 2023. AR 18-37. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied. AR 5-10. This appeal followed.

### **Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

### **The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 18-37. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 8, 2013. AR 24. The ALJ identified the following severe impairments: degenerative disc disease, scoliosis, medial meniscus tear of the left knee, and obesity. *Id.* The ALJ also identified the nonsevere impairment of diabetes mellitus, kidney cysts, left adrenal myelolipoma, hypertension, hyperlipidemia, gastroesophageal reflux disease (GERD), toenail fungus, visual impairments, and mild diastolic dysfunction. AR 24-25. The ALJ further determined that Plaintiff did not have an

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 26.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work with the limitations that Plaintiff: was limited to occasional stooping and balancing; was limited to frequent kneeling, crouching, crawling, and climbing; and must avoid hazards such as unprotected heights and dangerous moving machinery. AR 26. The ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," as well as "medical opinion(s) and prior administrative medical finding(s)." *Id.*

The ALJ found that Plaintiff had no past relevant work; that Plaintiff was an individual closely approaching advanced age on the alleged disability date and subsequently became an individual approaching retirement age; that Plaintiff had at least a high school education; and that transferability of job skills was not an issue because Plaintiff did not have past relevant work. AR 29-30. Given Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. AR 30. The ALJ noted that examples of jobs consistent with Plaintiff's age, education, work experience, and residual functional capacity included: (1) Hand Packer (DOT No. 920.687-066, unskilled, medium, with approximately 164,000 positions nationally); (2) Assembler (DOT No. 739.687-186, unskilled, medium, with approximately 90,000 positions nationally); and (3) Inspector (DOT No. 651.687-010, unskilled, medium, with approximately 15,000 positions nationally). *Id.* The ALJ therefore concluded that Plaintiff had not been disabled from the alleged onset date of June 8, 2013, through the date of the decision. AR 31.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112,

1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g.,* *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[3]

Plaintiff argues that the ALJ erred by failing to adopt Dr. Roger Wagner's limitation that Plaintiff required the use of a cane.  (Doc. 11 at 8-11.)  Plaintiff further argues that Plaintiff's RFC limitation to medium work was also not supported by substantial evidence.  (Doc. 11 at 11-15, Doc. 15 at 2-4.)  Finally, Plaintiff argues that the ALJ erred by failing to provide clear and convincing reasons for discounting Plaintiff's subjective symptoms.  (Doc. 11 at 15-19, Doc. 15 at 4-9.)

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

**A.  Plaintiff's Subjective Complaints**

Plaintiff argues that the ALJ erred by failing to provide clear and convincing reasons for discounting Plaintiff's subjective symptoms.  (Doc. 11 at 15-19, Doc. 15 at 4-9.)  In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis.  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of her impairment that could reasonably be expected to produce some degree of the symptom or pain alleged.  *Garrison*, 759 F.3d at 1014.  If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.  *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  AR 27.  However, the ALJ discounted Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms, noting that the statements were not consistent with medical evidence and other evidence in the record.  *Id.*  The ALJ was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.

First, the ALJ found that Plaintiff's allegations were not fully consistent with the medical records.  AR 27-28.  Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider.  *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Here, the ALJ noted:

> The treatment records describe symptoms of low back pain radiating to the lower extremities, as well as occasional complaints of left knee pain (see, e.g., 7F/6, 23; 11F/144). A lumbar MRI study on October 5, 2018 showed multilevel degenerative disc disease causing narrowing of the central canal, while a left knee MRI on that date showed a degenerative medial meniscus tear (6F/40). A lumbar MRI study on July 10, 2020 showed congenital spinal stenosis exacerbated by multilevel degenerative change, as well as L5-S1 grade-2 spondylolisthesis and bilateral spondylolysis (5F/8-9). The claimant was also noted on examination to have lumbar scoliosis (see, e.g., 7F/2, 7, 24)…

The results of the April 13, 2021 internal medicine consultative examination support a finding that the claimant could perform medium work within the restrictions described above. At that examination, the claimant was able to easily get out of her chair in the waiting room (14F). She sat comfortably and was able to get on and off exam table and easily bend at the waist to take off her shoes and socks and put them back on, demonstrating good dexterity and flexibility in bringing her ankles to her knees to take off her socks. She was able to walk on her toes and heels while holding the examiner's fingertips, and she exhibited normal station and gait. While a Romberg test was positive, she demonstrated normal finger-to-nose testing. Straight leg raising was negative in a seated position, though slightly positive on the left at 60 degrees in a supine position. The claimant's knees appeared normal, and she demonstrated full grip strength, full strength in all extremities, normal muscle bulk and tone, intact sensation, and normal reflexes. She carried a cane, but she touched it down once every third or fourth step without leaning on it, and she walked at a normal speed to the examination room without using her cane, which suggests that the cane was not necessary.

Similarly, physical examinations findings in the treatment records describe negative straight leg raising and normal gait, strength, and reflexes, despite occasional findings of spinal tenderness (see, e.g., 4F/2, 16, 18, 24, 26; 6F/3; 7F/2, 7, 24, 31; 11F/90, 99, 120, 245; 26F/54-55), which also supports a finding that the claimant would be able to perform work at a medium exertional level. While she appeared with a cane at a September 12, 2022 examination with Karthikeya Devireddy, M.D., she appeared without a cane or other assistive device at numerous other examinations with her treating providers (see, e.g., 11F/99; 26F/27, 68)…

AR 27-28. In doing so, the ALJ appropriately contrasted the medical record with Plaintiff's more extreme allegations. For instance, the ALJ highlighted relatively normal findings related to straight leg raising tests, gait, strength, and reflexes. AR 28; 569 (March 2016 visit report noting normal muscle strength and tone, extremities findings); 690 (September 2020 visit report noting normal extremities motor findings, normal gait and lift, but abnormal lumbosacral spine with scoliosis). The ALJ also highlighted that Plaintiff appeared without a cane at some examinations and was able to walk without it. AR 28; 1822 (October 2022 report noting "Gait and Station: Appearance: normal gait, no limp, and ambulating with no assistive devices"); 1863 (December 2021 report noting "Gait and Station: Appearance: normal gait, no limp, and ambulating with no assistive devices."); 1400 (April

1  2021 visit report noting normal motor strength/muscle bulk and tone and negative seated straight leg

2  raising test with "slightly positive supine on the left at 60 degrees with the claimant having a bit of

3  pulling in the low back without radiation.")  The ALJ therefore appropriately used the lack of

4  supporting medical evidence as one factor in discounting Plaintiff's symptoms testimony.

5      Second, the ALJ noted that the "medical evidence indicates that the claimant's treatment,

6  particularly epidural steroid injections, were successful in decreasing her pain symptoms."  AR 27.

7  "Impairments that can be controlled effectively with medication are not disabling."  *Warre v. Comm'r*

8  *of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also* 20 C.F.R. § 404.1529(c)(3)(iv), (v)

9  (medication effectiveness and treatment history are relevant factors for evaluating a claimant's

10  symptom testimony).  However, the Ninth Circuit has cautioned that ALJs err where they rely on

11  individual points of improvement rather than a record of sustained improvement.  *Attmore v. Colvin*,

12  827 F.3d 872, 878 (9th Cir. 2016) ("Although the ALJ pointed to isolated signs of improvement, the

13  ALJ could not find medical improvement on that basis unless the ups and the downs of [plaintiff's]

14  development showed *sustained* improvement."); *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir.

15  2014) ("ALJ erred in concluding that a few short-lived periods of temporary improvement in

16  [plaintiff's] mental health symptoms undermined [plaintiff's] testimony"); *see also Jana D. R. v. Saul*,

17  No. 5:20-CV-01098-AFM, 2021 WL 2826436, at *4 (C.D. Cal. July 7, 2021) (finding that ALJ erred

18  by discounting plaintiff's testimony based upon effective treatment where the "record reflects that

19  Plaintiff's treatment provided only limited periods of relief from her pain and did not effectively

20  control Plaintiff's pain."); *Diana L. v. Comm'r of Soc. Sec.,* No. C23-5019-SKV, 2023 WL 4840047, at

21  *4 (W.D. Wash. July 28, 2023) (finding the ALJ erred by pointing to evidence of improvement when

22  "no evidence in the record suggests that her condition improved to a degree that undermined her

23  allegations").

24      Here, the ALJ explains:

25          The medical evidence indicates that the claimant's treatment,
           particularly epidural steroid injections, were successful in decreasing her
26          pain symptoms. For example, on June 1, 2017, the claimant reported that
           she continued to have 100% pain relief from injections that were
27          performed on May 22, 2017 (7F/27). On November 2017, she reported
           75% pain relief from recent injections (7F/11). On September 4, 2020,

> she reported that naan epidural steroid injection on August 28, 2020 had
> provided 100% relief (7F/1). The claimant was also treated with a back
> brace and physical therapy, which provided lesser relief (see, e.g., 7F/6;
> 8F/28).

AR 27.

   While the ALJ's summary of Plaintiff's treatment indicates some improvement with medication, the ALJ's note that Plaintiff's back brace and physical therapy provided lesser relief and the record regarding Plaintiff's continued pain suggest that Plaintiff's improvements were not sufficiently sustained to discount her allegations of disabling pain. *See* AR 27. For instance, though the ALJ notes that Plaintiff reported improvement soon after her steroid injections, the broader record indicates that this relief was temporary. *See* AR 689 (September 2020 follow-up visit report noting "patient is here with no pain and symptoms, feeling better since last visit" in late August 2020 when she received steroid injections but that "In general, the current spine problem is one of ups and downs or good days and bad days since its onset and pain is not improving. The pain has affected the patient's activities of daily living."); 699 (November 2017 report noting 75% pain relief but that Plaintiff still experienced pain of "3/10 on a 0 to 10 pain scale.); 719 (June 2020 visit report noting "return of symptoms" and "patient describes the pain as usually Radiating, aching and shooting. The pain occurs frequently. The pain currently is a 5/10 on a 0 to 10 pain scale. The pain is brought on and/or made worse by standing to [sic] long."). Additionally, as indicated by the ALJ, the physical therapy and support brace did not provide significant relief. *See* AR 694 (September 2017 report noting continued "pain that radiates down both legs," "Patient has used a support brace that is not helping to manage pain," and "Physical therapy that provided less than 50% pain relief."). As the record indicates "ups and downs" rather than sustained improvement, effective treatment was not an appropriate basis for discounting Plaintiff's symptoms testimony. *See Attmore,* 827 F.3d at 878; *Jana D.*, 2021 WL 2826436, at *4.

   Defendant argues that Plaintiff mischaracterizes the medical record as showing insufficient improvement. (Doc. 14 at 9.) Similarly to the ALJ, Defendant cites three reports in which Plaintiff received 60 to 100 percent pain relief and that the relief lasted at follow-up appointments. (*Id.*) However, these reports all note in the "Spine History" section that, despite pain relief with steroid

injections, "In general, the current spine problem is one of ups and downs or good days and bad days since its onset and pain is not improving" and that the "pain has affected the patient's activities of daily living." AR 689, 699, 715. Additionally, the follow-up appointments occurred approximately one to two weeks after the injections, making it difficult to determine how sustained the improvement was. *See* AR 689, 699, 715. Given the record of "ups and downs" rather than an unequivocal record of sustained improvement, Defendant's argument is unavailing. *Attmore,* 827 F.3d at 878.

Defendant further argues that a claimant does not need to be pain-free or symptom-free to be able to work, citing a Ninth Circuit holding that "even where the claimant introduces medical evidence showing that he has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But the issue here is not whether Plaintiff is pain-free but whether the ALJ highlighted evidence of sustained improvement that undermined Plaintiff's symptoms allegations. *Attmore*, 827 F.3d at 878; *Garrison*, 759 at 1018. As the Court has determined that the ALJ did not point to sufficient evidence of effective treatment, Plaintiff's citation is inapposite. Thus, Defendant's argument that the ALJ used effective control of impairments to discount Plaintiff's symptoms testimony is unavailing.

As the ALJ failed to utilize or articulate proper bases for evaluating Plaintiff's symptoms testimony beyond the lack of supporting medical evidence, the ALJ erred in assessing Plaintiff's symptoms. *Burch*, 400 F.3d at 681.

**B. Remedy**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in

1  rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal

2  quotes and citations omitted).  On remand, the ALJ should specifically address Plaintiff's symptoms

3  testimony.

4  Having found that remand is warranted, the Court declines to address Plaintiff's remaining

5  arguments that the ALJ erred in determining Plaintiff's RFC or in rejecting Dr. Wagner's limitation.

6  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for

7  the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine*

8  *ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not

9  address the other claims plaintiff raises, none of which would provide plaintiff with any further relief

10  than granted, and all of which can be addressed on remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177

11  n.6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other

12  arguments raised.").

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and is not based on proper legal standards. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1.    Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be GRANTED;

2.    The agency's determination to deny benefits be REVERSED; and

3.    The Clerk of this Court be directed to enter judgment in favor of Plaintiff Cynthia Marie Ottem and against Defendant Frank Bisignano, Commissioner of Social Security.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered**. The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **May 30, 2025**                    /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE